**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| CGHH, LLC and CONCEPT GAMES, LLC, | : : : : : : | CIVIL ACTION NO. 1:05-CV-1343-RWS |
| Plaintiffs, | : : | |
| v. | : : | |
| CESTA PUNTA DEPORTES, S.A. de C.V.; and JOSE MARIA GUARDIA LOPEZ, Guarantor, | : : : : | |
| Defendants. | : | |

**ORDER**

Now before the Court are Plaintiffs' first Motion for Preliminary Injunction [6];[1] Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process [10]; Defendants' Motion to Preserve Rule 12(b) Defenses [11]; Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion for Preliminary Injunction [12]; Defendants'

---

[1] The pending motions list in this case currently reflects two motions for preliminary injunction filed by Plaintiff. (See Dkt. Nos. 5, 6.) The Court's docket reflects that the motion docketed at entry number 5 was filed in error. Therefore, the Clerk is **DIRECTED** to remove docket entry number 5 from the pending motions list.

AO 72A
(Rev.8/82)

Supplemental Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) [30]; Plaintiffs' Motion for Clerk's Entry of Default [41]; Plaintiffs' Motion for Oral Hearing [22]; Plaintiffs' Motion for Determination of Arbitratability [23]; and Defendants' Motion to Set Aside Default [47]. After considering the entire record, the Court enters the following Order.

## Background

Plaintiffs CGHH, LLC and Concept Games, LLC are Georgia limited liability companies which lease "Video Skill Game" machines and associated operating software (collectively "Games") under license. Defendant Cesta Punta Deportes, S.A. de C.V. ("CPD"), is a Mexican corporation which operates a horse racetrack in the City of Juarez, Mexico. Plaintiffs allege that they entered into various lease agreements with Defendant CPD, which were guaranteed by Defendant Lopez, who was at all times Defendant CPD's principal officer, for the lease of certain Games to be used at Defendants' Juarez location. Plaintiffs further allege that 344 Games were provided to Defendants pursuant to those agreements, that Defendants are now in breach of those agreements, and that they are entitled to monetary and injunctive relief.

## Discussion

**I.      Defendants' First and "Supplemental" Motions to Dismiss**

     **A.      Defendants' First Motion to Dismiss**

On September 6, 2005, Defendants filed a motion denominated as a "Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(4)." (See Dkt. No. [10].)  Although the motion, based on the subparagraphs of Rule 12 cited, purports to challenge personal jurisdiction and the sufficiency of process, the Court construes this motion as one challenging the sufficiency of service of process pursuant to Rule 12(b)(5), and any resultant lack of personal jurisdiction on that ground.

The manner in which a motion is styled is not controlling.  Rather, the Court must examine the substance of the motion and construe it based on the type of relief requested.  See, e.g., Lucas v. Fla. Power & Light Co., 729 F.2d 1300, 1302 (11th Cir. 1984) ("[N]omenclature is not controlling.  The court will construe [the motion], however styled, to be the type proper for the relief requested.").  It is certainly true that in a number of places, Defendants' Motion makes reference to Federal Rule of Civil Procedure 12(b)(4) and that a motion

3

under that Rule challenges the sufficiency of process. It is likewise true that a motion pursuant to Rule 12(b)(2) challenges the power of the court to exercise personal jurisdiction over the defendant. Yet, despite the numerous references to Rule 12(b)(4), Defendants make no argument in their Motion or Memorandum in Support directed at any defect in process.[2] Rather, Defendants contend throughout their filings that service of process was defective. (See e.g., Mem. in Supp. of Mot. to Dismiss [10-2] at 3 ("Defendants are appearing specially . . . for the limited purpose of objecting on grounds of lack of personal jurisdiction and insufficient service.").) Additionally, despite Defendants' reference to Rule 12(b)(2), their sole basis for arguing that they are not subject to *in personam* jurisdiction in this Court is that Plaintiffs failed to validly serve them with process.[3] (See, e.g., Defs.' Mot. to Dismiss [10] ¶ 8 ("Because Plaintiffs have yet to bring Defendants within this

---

[2] This omission is notable when, by Plaintiffs' own admission, Defendants were not provided with a copy of the summons in this action. (See Pls.' Mem. in Opp'n to Mot. to Dismiss [18-1] at 19, Decl. of William M. Droze [18-2] ¶¶ 5-6.)

[3] Notably, Plaintiff responded to Defendants' Motion and argued extensively that Defendants were validly served with process by mail under the Hague Convention. In reply, Defendants raise only the issue of whether service on them was valid. Defendants do not state, at any point, that if valid service of process were effected, the exercise of jurisdiction over them would be unconstitutional.

Court's personal jurisdiction by serving Defendants with process, this Court lacks jurisdiction to exercise any authority over Defendants. . . ."); Defs.' Mem. in Supp. of Mot. to Dismiss [10-2] at 12-17; see also id. at 13 ("Unless and until Plaintiffs formally serve Defendants with process in this case, the Court lacks personal jurisdiction over Defendants.").)

Plaintiffs have now properly served Defendants with process. (See Returns of Service [36, 37]; Pls.' Second Amend. Compl.[39-1]; Pls.' Mot. for Default [41-1] at 2.) Because Defendants' sole objection to the exercise of *in personam* jurisdiction is predicated on Plaintiffs' failure to properly serve Defendants with process, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process [10] is hereby **DENIED as moot**.

### B. Defendants' Motion to Preserve Rule 12 Defenses and Supplemental Motion to Dismiss

On the same day that Defendants filed the above Motion to Dismiss, they also filed a motion denominated as a "Motion to Preserve Rule 12(b) Defenses." (See Dkt. No. [11].) In this motion Defendants, without citation to authority, assert that their "obligation to raise the defenses described in Fed. R. Civ. P.

12(b)(2)-(5) . . . will be triggered only when Plaintiffs have fulfilled Plaintiffs' obligation to serve Defendants with process." (Id. at ¶ 3.) Based on this, Defendants request that "this Court order . . . that the time for Defendants to file motions pursuant to Fed. R. Civ. P. 12(b)(2)-(5) does not run–or in any event should be extended–until 20 days after proper service of process on Defendants." (Id. at ¶ 6.) Nearly four months later, on December 7, 2005, and after Defendants were properly served with process in this case, Defendants filed a "Supplemental Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5)." (See Dkt. No. [30].) In this motion, Defendants argue extensively, and for the first time, that (1) contractual forum selection clauses are insufficient to subject them to personal jurisdiction in this Court, and (2) they lack sufficient minimum contacts with this forum under the Due Process Clause.

With respect to Defendants' objections to personal jurisdiction raised, for the first time, in Defendants' Supplemental Motion to Dismiss, the Court concludes that these are waived. Federal Rule of Civil Procedure 12(g) provides:

> Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to

6

> the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted. . . .[4]

Rule 12(g) requires all of the permitted Rule 12(b) defenses to be raised in a single, consolidated motion rather than in multiple or successive motions.[5] See, e.g., Skirtch v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002) ("Rule 12(g) specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss."); English v. Dyke, 23 F.3d 1086, 1090 (6th Cir. 1994) ("[Rule 12] contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule

---

[4] Rule 12(g) provides an exception to this waiver rule by allowing the "defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim" to be raised in "in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." None of these exceptions are implicated by Defendants' filings. Moreover, even this express exemption from the waiver rule does not contemplate or allow the filing of successive Rule 12 motions.

[5] The Court would not foreclose the filing of a successive motion under Rule 12, if, for example, the basis for the second motion were unknown at the time the initial Rule 12 motion was filed and the Court were convinced that the second motion was not interposed for delay. In the Court's view, neither of these conditions is met in this case.

7

12 defense and objection he may have that is assertable by motion.  He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously."); Albany Ins. Co. v. Almacenadora Somex, S.A.., 5 F.3d 907, 909-10 (5th Cir. 1993) (holding that Rule 12(g) prohibits raising objections in second motion to dismiss which were not in first pre-answer motion).  Rule 12(g) expressly provides that those defenses not raised in the consolidated Rule 12 motion are forever waived.

  Defendants were, or reasonably should have been, well aware of the objections to personal jurisdiction raised in their "Supplemental" motion to dismiss.  Clearly, in their first motion to dismiss, Defendants could have objected to the exercise of personal jurisdiction on the grounds that the contractual provisions were not binding or that the exercise of personal jurisdiction, even in the face of valid service, would violate the Due Process Clause.  But for unknown reasons, Defendants did not do so.  To allow Defendants to assert, in their second motion to dismiss, arguments which could and should have been introduced in the first motion to dismiss would contravene the purpose of Rule 12(g).  Defendants' motion to "preserve" their

8

Rule 12 defenses does nothing to dissuade this Court that the general principle of Rule 12(g) that those defenses not raised in a single, consolidated motion under Rule 12 are forever waived should not apply. Accordingly, Defendants' Motion to Preserve Rule 12(b) Defenses [11] and Defendants' Supplemental Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) [30] are hereby **DENIED**.

## II.   Plaintiffs' Motion for Entry of Default

Plaintiffs have moved for entry of a default judgment on its First Amended Complaint pursuant to Federal Rule of Civil Procedure 55(a) arguing that Defendants have failed to appear or otherwise respond to their amended complaint. (See Mot. for Clerk's Entry of Default [41] at 1.) Defendants respond that they have filed numerous motions to dismiss pursuant to Rule 12(b), and as such, are not required to answer or otherwise respond to Plaintiff's complaint until ten days after those motions are resolved. (Defs.' Mot. to Set Aside Default [42] at 2.)[6] Defendants cite a number of recent

---

[6] The docket reflects that Defendants have filed a response to Plaintiffs' Motion for Default (Dkt. No. [42]), as well as a Motion to Set Aside Default (Dkt. No. [47].) These filings are identical. In view of the fact that no default has been entered, the Court will refer only to Defendants Response.

9

federal decisions which, while not binding on this Court, hold that where a defendant files a motion to dismiss, and the plaintiff subsequently files an amended complaint which contains some of the defects raised in the defendants' initial motion, the court may consider the motion as being addressed to the amended pleading.  See, e.g., The Pantry, Inc. v. Stop-N-Go Foods, Inc., 777 F. Supp. 704, 712-13 (N.D. Ind. 1991).

A review of Defendants earlier Rule 12 Supplemental Motion to Dismiss indicates that this filing was addressed, at least in part, to claims asserted in Plaintiffs' Amended Complaint.  In view of the pendency of that motion, ill-founded though that filing may be, the Court declines to enter the most severe sanction of default judgment against Defendants at this time.  Accordingly, Plaintiff's Motion for Clerk's Entry of Default [41] is hereby **DENIED**; Defendants' Motion to Set Aside Default [47] is hereby **DENIED as moot**.  In view of this Court's denial of Defendants' Rule 12 motions, they shall have ten (10) days from entry of this Order within which to file their answer.

### III.  Plaintiffs' Motion for Preliminary Injunction

Plaintiff initially filed a Verified Complaint and Motion which sought, inter alia, preliminary and permanent injunctive relief.  In response to that filing,

Defendants filed a number of pre-answer motions and asserted various defenses.  Additionally, Defendants moved for an extension of time to respond to Plaintiffs' motion.  Specifically, Defendants requested that they not be required to file a response to that motion until "20 days from either: (1) service of process, or (2) the denial of Defendants' [First] Motion to Dismiss."  (Defs.' Mot. for Ext. of Time [12] at 3.)  This Court did not grant Defendants' motion for extension of time.  Moreover, it is undisputed that Defendants were validly served with process in Chihuahua, Mexico pursuant to the Hague Convention on November 17, 2005.[7]  Nevertheless, Defendants have not filed a response to Plaintiffs' motion.  As such, the Court treats Plaintiffs' motion as unopposed, and turns now to the resolution of that motion.[8]  See LR, NDGA. 7.1B ("Failure

---

[7] Because Defendants' Motion for Extension of Time requested an extension of twenty days from the date that they were validly served with process, and because it is undisputed that they have been so served, Defendants' Motion for Extension of Time [12] is **DENIED as moot**.

[8] Defendants have filed numerous motions with this Court, and have, at every turn, apparently sought to delay the resolution of Plaintiffs' claims.  Because Defendants have failed to respond to Plaintiffs' Motion for Preliminary Injunction despite the fact that they were never granted an extension of time to respond by this Court, and despite the fact that the express condition upon which their motion for extension of time was predicated, *i.e.*, the valid service of process on them, has undisputably occurred, the failure to respond is inexcusable.  Moreover, in view of both binding Eleventh Circuit precedent, as well as the overwhelming weight of authority, which holds that Rule 12(g) "specifically prohibits" a party from the filing of successive Rule 12 motions on grounds that could have been

11

to file a response shall indicate that there is no opposition.").

### A.     Prerequisites for Preliminary Injunctive Relief

It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy[.]" Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  Based on its review of Plaintiffs' filings, the Court concludes that they have not succeeded in making such a showing here.  As such, the requested preliminary injunction will not be issued at this time.

With respect to Plaintiffs' breach of contract claims, there is simply too much uncertainty surrounding the making of the contracts at issue for the Court

---

presented in the first motion, see, e.g., Skirtch, 280 F.3d at 1306, the pendency of Defendants' second Rule 12(b)(2) motion, which while perhaps sufficient to avoid the most severe sanction of default, cannot provide a good faith basis to refuse to respond to Plaintiffs' motion for preliminary injunction.

to conclude that Plaintiffs'have demonstrated a substantial likelihood of success on the merits.  The Equipment Lease upon which Plaintiffs rely is unsigned by the corporate Defendant, and Plaintiffs have presented insufficient evidence from which the Court could conclude that Defendants have ratified that agreement through their conduct.  While the Exclusive Agreement is fully executed, provides that Defendants have no rights in the Games, and further provides that the Games shall be returned to Plaintiff Concept Games upon the termination of the agreement, there is simply no evidence in the record before the Court that the agreement was in fact terminated.  While, in light of this litigation, the Court does not doubt that the agreement may have been, and in fact, likely has been, terminated, Plaintiffs have failed to establish that fact in the record.   Accordingly, Plaintiffs have failed to establish that they have a contractual right to the return of the Games.

Second, Plaintiffs seek injunctive relief for Defendants' violation of the Lanham Act.  "In order to prevail on a trademark infringement claim, a plaintiff must show that its mark was used in commerce by the defendant without the registrant's consent and that the unauthorized use [is] likely to deceive, cause confusion, or result in mistake."  McDonald's Corp. v. Robertson, 147 F.3d

13

1301, 1307 (11th Cir. 1998). Where the holder of a trademark seeks injunctive relief for infringement of that mark against a former licensee, the holder must show that it "properly terminated the contract purporting to authorize the trademark's use, thus resulting in the unauthorized use of [the] trademark[] by the former [licensee]." Id. at 1308.

On the record before the Court, Plaintiffs have failed to establish that the license agreement was properly terminated. In this regard, Plaintiffs simply state: "In this case, the evidence conclusively demonstrates that both the Exclusive Agreement and the Equipment Lease have been properly terminated due to the Defendants' uncured monetary defaults and repudiation of these contracts." (Pls.' Mem. in Supp. of Mot. for Prelim. Inj. [6-2] at 11 n.6.) Despite Plaintiffs' above statement to the contrary, the Court cannot discern what evidence so conclusively establishes this fact. Plaintiffs have provided no sworn statement to that effect. Moreover, the fact that Defendants are in default, while perhaps grounds for termination of the contract granting the right to use the licensed mark, does not, in any way, establish that the contract was properly terminated. (See id. Ex. 4 at Cl. 15 (providing that default "will be construed as a reason for termination").) On the record before it, and without

14

more than Plaintiffs' conclusory statements as a basis, the Court cannot conclude that any rights Defendant may have had under the contracts were <u>properly</u> terminated. As such, Plaintiffs have failed to make the required showing to justify the issuance of a preliminary injunction.

Accordingly, for the reasons set forth above, Plaintiffs' Motion for Preliminary Injunction [6] is hereby **DENIED**. Plaintiffs remain free to renew their request for injunctive relief in properly supported form, and the Court will endeavor to address that motion on an expedited basis.

## IV.   Other Matters

Plaintiffs' Motion for Hearing [22] is hereby **GRANTED**. The parties are directed to confer with the Court's Deputy Clerk for scheduling of the same. The Court **RESERVES RULING** on Plaintiffs' Motion for Determination of Arbitratability [23].

## Conclusion

For the reasons set forth above, Plaintiffs' first Motion for Preliminary Injunction [6] is **DENIED**; Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process [10] is **DENIED as**

15

**moot**; Defendants' Motion to Preserve Rule 12(b) Defenses [11] is **DENIED**; Defendants' Supplemental Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) [30] is **DENIED**; Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction [12] is **DENIED as moot**; Plaintiff's Motion for Clerk's Entry of Default [41] is **DENIED**; Defendants' Motion to Set Aside Default [47] is **DENIED as moot**; Plaintiffs' Motion for Hearing [22] is **GRANTED**.  The Court **RESERVES RULING** on Plaintiffs' Motion for Determination of Arbitratability [23].  Defendants shall have ten (10) days from the entry of this Order within which to answer Plaintiffs' Second Amended Complaint.  The Clerk is **DIRECTED** to remove docket entry number 5 from the pending motions list.

      **SO ORDERED** this __31st__ day of March, 2006.

    /s/ Richard W. Story
    RICHARD W. STORY
    UNITED STATES DISTRICT JUDGE